James William NUNN, Appellant,

v.

L. E. WILSON, Warden, California State Prison, Appellee.

No. 20726.

United States Court of Appeals Ninth Circuit.

Jan. 17, 1967.

James William Nunn, in pro. per.

Thomas C. Lynch, Atty. Gen., of California, Robert R. Granucci, Paul N. Halvonik, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before BARNES, DUNIWAY and ELY, Circuit Judges.

DUNIWAY, Circuit Judge:

Nunn appeals from the denial of his petition for a writ of habeas corpus. He is in state custody following his conviction in California Superior Court of the crime of burglary (Cal.Pen.Code § 459). He contends that his trial was infected with an incurable constitutional defect in that the trial court refused to appoint counsel for him, although he was unable to employ counsel. He made the same contention on appeal to the California District Court of Appeal. That court rejected it, People v. Nunn, 1963, 223 Cal. App.2d 658, 35 Cal.Rptr. 884.

The United States District Court held an evidentiary hearing at which Nunn testified. He was represented by counsel. In addition to Nunn's testimony, the court received in evidence transcripts of the proceedings in the California court and copies of the brief filed on Nunn's behalf on his appeal and of his petition for a hearing in the California Supreme Court.

The California records disclose the following:

*Preliminary hearing:* Nunn was represented by Attorney Shaffer, whom he had retained, but with whom he had not made final arrangements.

*August 16, 1962 arraignment:* Before Judge Noble of the Superior Court, Nunn was without counsel; public defender appointed to represent him, at his request, and to represent a co-defendant, Field. Nunn's bail fixed at $2500. On motion of the public defender, case continued for one week for plea.

*August 23, 1962:* Public defender asked to be relieved as Nunn's counsel because of a conflict of interest between Nunn and Field. He stated that Nunn had been represented by Shaffer at the preliminary hearing and that Nunn would like a week's continuance and would be in a position to retain his own counsel. Nunn agreed and said "I just realized—signed a settlement in an insurance case, and the check will be coming in within the next day or two," and that he expected to receive about $750. Arraignment continued one week for plea. Public defender's motion to be relieved as counsel for Nunn granted.

*August 30, 1962:* Nunn appeared with Attorney Shaffer. A motion was made to set aside the information under Cal. Pen.Code § 995, and for severance; both continued to September 6.

*September 6, 1962:* Nunn appeared with Attorney Shaffer. Motion under section 995 withdrawn, motion for severance denied, Nunn pleaded not guilty. Trial set for October 1.

*September 27, 1962:* Nunn appeared with Attorney Shaffer before Judge Fox. Shaffer stated that Nunn desired to retain other counsel to represent him at trial and that a continuance of two or three weeks would be adequate time for him to make the arrangements. The District Attorney consented to the continuance and asked Nunn if he was asking that his counsel be relieved. Nunn said that he was, but the judge said "I am not going to relieve him. It is not that simple." Shaffer stated that if relieved he would be willing to refund any moneys that he had received. The court, however, said "It doesn't make any difference, sir, you are counsel of record until other counsel comes in here with you and accepts the substitution. The court is not going to relieve you. You are going to be ready for trial on October 15 unless he procures other counsel." Continued to October 15.

*October 15, 1962:* Nunn appeared with Attorney Shaffer, before Judge Noble. Shaffer said that Nunn had filed a motion that morning, asking that Shaffer be relieved as counsel and stated that he joined in the motion. The following colloquy then occurred:

"THE COURT: Mr. Nunn, this matter has been pending in this court since August. The Public Defender was appointed for you once and he was relieved, and now your present attorney is asking to be relieved. We are not going to continue this course of conduct much longer. You are going to

have to be represented by counsel here pretty soon and be ready to go to trial.

DEFENDANT NUNN: Yes. Your Honor, the one time that the Public Defender represented me, that was just on one day when Mr. Shaffer wasn't able to appear.

THE COURT: I will give you one more continuance for the purpose of employing counsel and coming in here ready for trial. How long will you need?

DEFENDANT NUNN: I would like to have at least three weeks, your Honor."

\* \* \* \* \* \*

"THE COURT: This case is continued until \* \* \* November 13 at 9:30 and I want you to come in here ready to go to trial and be represented by counsel.

MR. SHAFFER: Your Honor, am I relieved?

THE COURT: The motion to relieve counsel is granted."

*November 13, 1962:* The following colloquy occurred:

"THE COURT: Are you represented by counsel, Mr. Nunn?

DEFENDANT NUNN: No, your Honor. Although I have been working night and day every day taking care of all my other financial obligations, it still left me a little short of the money that I need.

THE COURT: Mr. Nunn, how many times do you think I am going to continue this case for that reason? This is about the third time that I have continued it now for you to get a lawyer.

DEFENDANT NUNN: In all truthfulness, I realized that, but I have had a difficult time.

THE COURT: I guess you will have to try your own case, sir.

Give me a trial date.

This case has been pending here since August. Give me the earliest date that you have. Let's get this case tried."

\* \* \* \* \* \*

"THE COURT: I am not going to continue it any further, Mr. Nunn, for the reason that you have been given ample opportunity to hire a lawyer. If you can't, you will just have to represent yourself, that is all.

DEFENDANT NUNN: Yes, your Honor. In all sincerity, I realize I have caused some difficulty but I have had a difficult time."

\* \* \* \* \* \*

"THE COURT: Why haven't you been able to employ counsel, Mr. Nunn?

DEFENDANT NUNN: There is quite a large sum of money involved, your Honor, and I am still a little bit short of it.

THE COURT: What do you mean by 'a large sum of money involved'?

DEFENDANT NUNN: Well, $1,000.

THE COURT: You can get somebody to represent you for less than $1,000.

DEFENDANT NUNN: I guess I could, your Honor.

THE COURT: You are not talking to the right person.

DEFENDANT NUNN: I am not familiar with just walking into any attorney's office.

THE COURT: You can get somebody to represent you for less than $1,000 in this case, any number of them. What kind of work do you do?

DEFENDANT NUNN: I am a roofer.

THE COURT: How much do you make a week?

DEFENDANT NUNN: I have been averaging $165 a week.

THE COURT: $165 a week. That is why I didn't appoint a lawyer for you. You can hire a lawyer if you are making that kind of money.

DEFENDANT NUNN: Yes, I could, but in this particular case I have to have it all in advance.

THE COURT: You had better talk to somebody else. There are plenty of lawyers who will handle it for you for less than that and make some arrangement for payment.

DEFENDANT NUNN: All right, your Honor."

Matter continued to January 7. The court said:

"January 7th. Now we are going to go to trial on that date. I don't want you to wait until the last minute to get a lawyer because he will come in and say he isn't prepared and I am not going to continue it any further. I want you to get a lawyer now and have him come in and be prepared to try this case on January 7th."

*January 7, 1963:* NUNN appeared without counsel, and the following colloquy occurred:

"THE COURT: Mr. Nunn, are you represented by counsel?

DEFENDANT NUNN: I have been unable to obtain counsel.

THE COURT: You remember what I told you the last time you were here, that you were going to try your own case today if you were not represented by counsel?

DEFENDANT NUNN: Yes, I do, your Honor. I had good and serious intentions but the family finances wouldn't permit it.

THE COURT: Are you still employed?

DEFENDANT NUNN: I was going to ask the Court to appoint one.

THE COURT: Not at this time, Mr. Nunn. I warned you the last time. Do you want me to read back what I told you the last time? I had the Reporter read it to me this morning. This is the fourth time that this case has been continued.

DEFENDANT NUNN: I know what you told me the last time.

THE COURT: I warned you that if you did not come in with counsel, that you should be prepared to try it yourself; do you recall that?

DEFENDANT NUNN: Yes.

THE COURT: On all of these occasions that it has been continued, I warned you that we couldn't appoint the public defender for you because of the money that you are making. You have had private counsel once, and he has been relieved. This case has been pending since August and it is going to have to be tried, Mr. Nunn.

DEFENDANT NUNN: I realize that, and for quite awhile I was doing pretty well financially, but then this slack season came up and a few financial crises arose.

THE COURT: As I recall, you were making $165 a week and I can't furnish a lawyer to anybody who is making $165 a week.

DEFENDANT NUNN: I was averaging that at the time I told you that.

THE COURT: We will hold it for trial. You will have to try your own case."

Both parties then waived jury trial. In that connection Nunn stated:

"Yes, I don't feel capable of trying a case in front of a jury, and I believe that the Court is capable of fully deciding the matter satisfactorily."

The court then re-emphasized the right to trial by jury, but Nunn repeatedly stated that he waived it. The case was tried and Nunn was convicted.

*January 31, 1963:* Nunn appeared for sentencing, and asserted that he had been deprived of his right to counsel. The court then recited the history of the matter, concluding with the following statement:

"Since two counsel have moved to be relieved as counsel for you—I think it was because you were trying to run your own lawsuit—I think you have had every opportunity to be represented by counsel, Mr. Nunn. If you are making any kind of a motion for a new trial,—I will consider what you have said here as being a motion for a new trial on the ground that you weren't adequately represented by counsel.

Is there any other ground?

DEFENDANT NUNN: Well, I would like to make a note of explanation. I didn't request that the public defender be relieved.

THE COURT: He made a motion to be relieved because he couldn't get along with you as a client. You are

pretty con on this business, Mr. Nunn. You are pretty smart. You are what we call a jackleg lawyer. You have been through this several times and you have been playing footsie with the Court. That is what you have been doing."

Nunn's testimony before the district judge is wholly consistent with the foregoing recitals, except for a few particulars. He testified that his arrangement with Shaffer was that he was to pay him a retainer of $750, and $250 a day for trial, but that he had not paid Shaffer anything. He said that he didn't know what money Attorney Shaffer was talking about when he offered to return what he had been paid. He agreed that in October and November of 1962 he was earning $160 to $170 per week, but testified that he could only retain about $100 of that sum as he had expenses to pay. He testified that he had no property from which to raise funds. He said he talked to other attorneys, but they all wanted between $750 and $1,000 in advance, and that he never had that much money. He also testified that the work he was able to obtain slacked off after November, so that he did not have funds when the trial came on in January. It will be noted, however, that between November 13 and January 7 he did not bring this problem to the attention of the trial court, nor did he tell the judge on January 7 that he was not employed. Indeed, when the judge asked him if he was still employed, his answer was "I was going to ask the court to appoint one." [Attorney] He also testified that he and his wife were estranged, that Attorney Shaffer represented his wife in an endeavor to obtain a settlement of a claim that she had against an insurance company, that this was the money that he expected to have to pay Shaffer and that when the check was received his wife refused to let him have any of it. This too was not brought to the attention of the trial court, a fact emphasized by the District Judge during the course of argument on the present motion.

The District Judge, in his order denying the petition, found that at the time of his trial, i. e., on January 7, 1963, Nunn was without adequate funds to pay for the services of an attorney. He also found that the California District Court of Appeal concluded that Nunn was attempting to delay his trial and obstruct the orderly procedure thereof and that by his deliberate conduct Nunn had waived his right to counsel. In that connection the District Judge said:

"The foregoing conclusion of the state court is fairly supported by the record as a whole, and the fact-finding procedure employed by the state was adequate to afford a full and fair hearing. Under the circumstances, this court should not and will not substitute its judgment for that of the state court."

Nunn would have us construe the district judge's finding narrowly, as a mere acceptance of the findings of the California District Court of Appeal, rather than as a finding of his own. We do not so construe it. His statement is that the District Court of Appeal's finding is fairly supported by the record as a whole, which we think we should construe as meaning the record before the District Court, including Nunn's testimony.

Nunn points to certain discrepancies between the facts as recited in the opinion of the California District Court of Appeal and the facts shown by the record. He says that that court erroneously accepted Judge Noble's view that the public defender asked to be relieved because he could not get along with Nunn, when the record shows that it was because of a conflict of interest between Nunn and Field. He says that the appellate court accepted Judge Noble's view that Shaffer asked to be relieved because he could not get along with Nunn, when the real reason was that he could not pay Shaffer.

Both Judge Noble and the District Judge had a great advantage over us in resolving the question of Nunn's bona fides in asserting that he could not get

counsel and that the real reasons for withdrawals by the public defender and by Attorney Shaffer were what Nunn says they were. Those judges saw and heard Nunn. Moreover, the District Judge could also take into account the fact that neither the deputy public defender nor Attorney Shaffer was called as a witness. Two judges who saw and heard Nunn concluded that he was "playing footsie with the court." We cannot say, on this record, that they were wrong.

The findings of the District Judge bring into play the principles applied in such cases as Relerford v. United States, 9 Cir., 1962, 309 F.2d 706; Michener v. Johnston, 9 Cir., 1944, 141 F.2d 171; Leino v. United States, 10 Cir., 1964, 338 F.2d 154, and Glenn v. United States, 5 Cir., 1962, 303 F.2d 536.

Nunn also asserts that he did not intelligently waive his right to jury trial. The District Judge found that he did. We agree. Nunn's last claim is that he was not adequately represented by counsel on appeal. The record is to the contrary. There is no need to decide whether either of these contentions, if the record sustained them, would entitle Nunn to the federal writ of habeas corpus.

Affirmed.