**Eules Ezekiel STANLEY, Petitioner-Appellant,**

**v.**

**Peter J. PITCHESS, etc., et al., Respondents-Appellees.**

No. 24084.

United States Court of Appeals, Ninth Circuit.

April 17, 1970.

Eules E. Stanley in pro. per.

Jack K. Weber, Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., State of California, Los Angeles, Cal., for appellees.

Before BARNES and ELY, Circuit Judges, and JAMESON *, District Judge.

PER CURIAM:

This is an appeal from a denial of a writ of habeas corpus in the district court by a state prisoner who claimed he was denied the assistance of counsel in a state court trial. Appellant had the assistance of court appointed counsel at his arraignment, plea, during the selection of the jury and until after the prosecution had rested their case. At this point the defendant asked that he be allowed to represent himself, and waive counsel. This he had a constitutional right to do, and his request was granted. He now claims he did not waive counsel, "knowingly or otherwise," and that he had ineffective counsel. The record of the state proceedings indicates other-

---

* Hon. William J. Jameson, Senior Judge, United States District Court, Billings, Montana, sitting by designation.

wise [1]. We *affirm* the denial of the writ for the reasons expressed by the district court judge in his "Memorandum and Order" (C.T. 68–71), which we incorporate herein as follows:

"This petition for a writ of habeas corpus was filed on January 6, 1969. Respondent filed a Return to the Court's Order to Show Cause, and petitioner filed a Traverse to the Return.

"Petitioner is presently in the custody of respondent serving a sentence for violation of California Health and Safety Code § 11501 (transportation or sale of narcotics). Sentence was imposed in February, 1964. Petitioner attacks the conviction on the following grounds: (1) Lack of counsel at trial and lack of an intelligent waiver of counsel; (2) refusal by the trial court to grant petitioner time to study his case and prepare for his defense.

"Substantially identical petitions have been presented to the California courts, including the California Supreme Court. Therefore, it appears that petitioner has exhausted his available State remedies as required by 28 U.S.C. § 2254. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822 [9 L.Ed.2d 837] (1963); Schiers v. California, 333 F.2d 173 (9th Cir. 1964).

"The uncontroverted minute orders of the proceedings in the Los Angeles Superior Court indicate that on January 14, 1964 petitioner's case was called along with that of a co-defendant. Petitioner and the co-defendant were represented by the Public Defender. 'Due to a conflict,' the Court appointed another attorney to represent petitioner, and the trial was continued. On January 22, 1964 the jury was impaneled and the trial began.

The trial continued on January 23rd. After the prosecution had rested its case on January 23, petitioner requested that his court-appointed attorney be relieved and that he be permitted to proceed in propria persona. The reporter's transcript of January 23, 1964 indicates that petitioner stated that he did not feel he was properly represented by his attorney. The Court admonished petitioner that the charges against him were serious and that he would be better off continuing with his appointed attorney, whom the Court found was doing a 'very good job.' Petitioner stated that he realized the seriousness of the case but wished to proceed in propria persona. The Court noted that petitioner had two prior convictions for narcotics violations and was familiar with the type of proceeding involved. The Court also found that petitioner realized the seriousness of the charge. On this basis, the Court granted petitioner's request to proceed in propria persona. Petitioner then asked to have some time to study and prepare his defense. The Court denied this request over petitioner's protest.

"Cases of this type are often difficult to deal with in post-conviction proceedings, and this case is no exception. Trial courts could perhaps avoid these problems by making a more extensive inquiry of a defendant's knowledge and understanding before accepting a waiver of counsel. But petitioner did have a constitutional right to waive counsel, the Court did undertake to determine whether the waiver was voluntary and intelligently made, and the Court tried to persuade petitioner against waiving counsel. The Court found nothing to indicate that the waiver was not knowing and intelligent. Unlike the

---

1. Johnson v. Zerbst, 304 U.S. 458, 468–469, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957); Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).

situation in Westbrook v. Arizona, 384 U.S. 150, 86 S.Ct. 1320 [16 L.Ed.2d 429] (1966), or Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836 [15 L.Ed.2d 815] (1966), petitioner is not a person of doubtful mental competency. Moreover, the petition contains no allegation of facts that would show that the waiver was constitutionally insufficient; the petition emphasizes petitioner's simple conclusion that he did not waive counsel, 'intelligently or otherwise.' Petitioner has not met his burden in this case. *See* Beasley v. Wilson, 370 F.2d 320 (9th Cir. 1966).

■■ "With respect to the trial court's refusal to grant petitioner additional time to study and prepare his defense, it does not appear that the Court abused its discretion or unnecessarily prevented petitioner from obtaining proper defense. The Constitution does not give a defendant the right to delay his trial at will. Nunn v. Wilson, 371 F.2d 113 (9th Cir. 1967). There was also a special problem in this case since a delay might have prejudiced the interests of petitioner's co-defendant.

■ "Nor does the trial court's refusal to grant petitioner a continuance serve retroactively to make the waiver of counsel insufficient. His request to delay the trial having been denied, petitioner recalcitrantly insisted on defending himself, rather than asking that his attorney be reinstated or that another attorney be appointed.

"It is ordered that this petition for a writ of habeas corpus is denied.

"It IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum and Order, by United States mail, upon the parties appearing in this cause.

"Dated: Mar. 14, 1969.

Harry Pregerson [signature]
Harry Pregerson

United States District Judge"