Wilbert **LOFTON**, Appellant,

v.

Raymond K. **PROCUNIER**, Director of California Department of Corrections, Appellee.

No. 73–1082.

United States Court of Appeals, Ninth Circuit.

Sept. 17, 1973.

Rehearing and Rehearing En Banc Denied Dec. 26, 1973.

Wilbert Lofton, in pro. per.

Evelle J. Younger, Atty. Gen., Edward A. Hinz, Jr., Chief Asst. Atty. Gen., William E. James, Asst. Atty. Gen., Robert R. Granucci, William D. Stein, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before ELY, WRIGHT and GOODWIN, Circuit Judges.

## OPINION

ELY, Circuit Judge:

Lofton appeals from the District Court's denial of his attack, under 28 U.S.C. § 2254, upon his conviction and incarceration by California authorities. He alleged that his 1967 state conviction for burglary was constitutionally infirm because (1) he was denied the right to be represented by counsel of his choice, and (2) he was denied effective assistance of competent counsel. The District Court denied Lofton's petition after having conducted a very limited evidentiary hearing thereon.

When Lofton was charged by the California authorities in 1967, he asserted indigency, and counsel was appointed. Following entry and withdrawal of both not guilty and guilty pleas, the appointed attorney finally requested that a not guilty plea be entered and that he be relieved from continuing as attorney of record. Each motion was granted and a public defender, William O'Malley, apparently took over the defense at that time.

Six days prior to the trial date, the defense sought a continuance so that Lofton could secure the assistance of a private attorney, one Perry. Although the judge granted this continuance, he retained the Public Defender as attorney of record and specified that four weeks later, on June 19, 1967, the trial would proceed with either private defense counsel or Public Defender.

On the day set for trial, Lofton informed the judge that Perry was engaged in trial elsewhere and, in consequence, sought a short continuance. The judge denied the motion and directed that an attorney named Holt, of the Public Defender's office, immediately proceed for the defense. Apparently, Holt had not previously had any connection whatsoever with Lofton's case.

In his petition below, Lofton alleged that prior to the morning of the trial, he had had no contact whatsoever with Holt and that Holt had absolutely no familiarity with the case. He also asserted that the private counsel, Perry, had possession of several documents whose presentation was essential to an adequate defense. These allegations were supported by Holt's affidavit, declaring that the defense he conducted was not "competent".

■ The first contention by Lofton, that he was deprived choice of counsel, is without merit. The right to choose one's attorney is not unlimited and, if in the sound discretion of the court, the attempted exercise of choice is deemed dilatory or otherwise subversive of orderly criminal process, the judge may compel a defendant to proceed with designated counsel. *See* Nunn v. Wilson, 371 F.2d

113 (9th Cir. 1967); Arellanes v. United States, 353 F.2d 270 (9th Cir. 1965), cert. denied, 385 U.S. 870, 87 S.Ct. 139, 17 L.Ed.2d 97 (1966); Relerford v. United States, 309 F.2d 706 (9th Cir. 1962).

■ It is clear, however, that such representation cannot be coerced in circumstances in which the designated defense counsel cannot serve competently. *See* Brubaker v. Dickson, 310 F.2d 30, 37 (9th Cir. 1962). If the requirement of adequate representation has any content whatsoever, it surely must encompass the attorney's familiarity with all essential aspects of the case. Accepting Lofton's allegations as true, as we must in the present posture of his case, the newly designated defense counsel consulted with Lofton for only ten minutes prior to trial; moreover, essential documents were not available.

■ The District Court's examination of the state court record convinced it that the substituted defense attorney rendered competent and effective service. Normally, such an independent review of the transcript and record would provide sufficient basis for a federal court's denial of habeas relief. Selz v. California, 423 F.2d 702 (9th Cir. 1970). The case at hand, however, significantly varies from the typical situation wherein, for example, the propriety of a state court's denial of a motion to suppress can be determined from the record. The required adequacy of counsel, in contrast, can often be determined only after conducting an evidentiary hearing directed to the specific issue.

Here, the record is barren of proof that counsel was in fact competent. The most that can be gleaned from the record is that attorney Holt possibly did as well as any attorney could have done when the grave responsibility was suddenly thrust upon him without adequate opportunity for preparation. We thus conclude an evidentiary hearing must be conducted to determine whether Lofton was effectively deprived of one of his sixth amendment rights. We reiterate that, to this time, there has been no hearing in any court in which the accuracy of the representations made by Lofton and his unprepared attorney can be tested.

Upon remand, the District Court will hold Lofton's petition in abeyance for a reasonable period, not to exceed sixty days, in order to afford California the first opportunity to conduct the necessary hearing.[1]

Reversed and remanded, with directions.

EUGENE A. WRIGHT, Circuit Judge (dissenting):

With due respect, I must dissent and would affirm the district court's denial of habeas corpus relief.

Lofton has challenged a 1967 state court burglary conviction on the grounds that he was denied competent counsel and the right to be represented by counsel of his choice. As I read this record, he is precluded from asserting either challenge because of his own dilatory tactics. The result reached by the majority opinion rewards him for his repeated efforts to prevent his case from ever coming to trial.

Petitioner was charged with burglary on January 19, 1967. When he was arraigned four days later and claimed indigency, counsel (Mr. Wright) was ap-

---

1. As previously indicated, the District Court conducted a limited hearing. At that hearing, only the private attorney, Perry, and the petitioner testified. Since Perry was not present at the trial and had never apparently conferred with the newly appointed attorney, his testimony afforded no significant enlightenment in respect to the critical issue. Before appointing the new attorney, and ordering that the trial proceed immedi-

ately, the trial judge had already verified that Perry was engaged in trial in another court. There is no suggestion that Lofton was responsible for this conflicting engagement, and we cannot understand why the trial court did not grant Lofton's request for a continuance until the private attorney's attendance in the other court was no longer necessary.

pointed to represent him and Lofton pleaded not guilty. On March 13 he asked to change his plea to guilty and requested probation. His appointed counsel then joined him in a motion to withdraw the guilty plea, asked to be allowed to withdraw as counsel, and was replaced by the public defender. When the information was amended on May 12 to charge a prior felony conviction, Lofton appeared with the public defender, denied the prior conviction and the case was set for trial on May 29.

Six days before trial, petitioner appeared with the public defender and asked a continuance in order to secure private counsel. The court granted a delay of four weeks on condition that no further continuance would be granted, that the trial would begin on June 19, and that Lofton would be represented by private counsel or the public defender. Private counsel (Mr. Perry) did not appear on the trial date, being engaged elsewhere, and Lofton asked for another continuance. The postponement was denied, the court designated new counsel from the public defender's office and the case proceeded to trial over Lofton's objection.

The right to be represented by counsel of one's choice is not so unlimited that its exercise may be used to delay or subvert orderly criminal process. *See, e. g.,* Nunn v. Wilson, 371 F.2d 113 (9th Cir. 1967). The majority recognizes this limitation on the right to counsel. The majority holds, however, that the only consequence of this limitation is that the trial judge may compel the defendant to proceed with designated counsel. The majority further holds that such representation can be coerced only in circumstances in which the designated counsel can serve competently. This is not an accurate characterization of the law in this circuit.

In Nunn v. Wilson, *supra,* relied upon by the majority, the defendant was found to have been dilatory in the exercise of his right to counsel and was forced to proceed without counsel. As

in the present case, *Nunn* involved a prosecution for burglary. This court affirmed a denial of habeas corpus, a holding which is inconsistent with that reached here. Since the trial judge could constitutionally have forced petitioner to proceed without counsel under the holding in *Nunn,* we are precluded from holding that he was constitutionally required to grant a continuance in order that the appointed counsel could prepare more adequately. The majority overrules, *sub silentio,* our holding in *Nunn.*

The majority relies on Brubaker v. Dickson, 310 F.2d 30 (9th Cir. 1962), in support of its holding that representation may not be coerced unless the designated counsel is able to serve competently. *Brubaker,* however, did not involve a defendant who had been dilatory in the selection of counsel and is, therefore, not controlling.

The district court reviewed the state court records, accepted affidavits from the parties, and held an evidentiary hearing at which petitioner and his private counsel testified. Based on this evidence, the district court found that petitioner had been afforded an adequate opportunity to defend with counsel of his choice. The record supports that finding. I would hold that petitioner is precluded from attacking the competency of appointed counsel when his attack is based solely on the lack of an opportunity for counsel to prepare.

Although I would affirm for the foregoing reasons, I must also point out that the district court specifically found that the representation afforded petitioner by the designated counsel was competent. That court received affidavits, took testimony on the issue of petitioner's delinquency in obtaining counsel, and reviewed the trial record. The majority now remands in order that an evidentiary hearing may be held on the issue of competency. Since the designated counsel is now deceased, I see no useful purpose to be filled by such a hearing.

I would affirm.