83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard E. HUGHES, Petitioner-Appellant,
v.
John IGNACIO, Warden, Nevada State Prison, Respondent-Appellee.
 No. 95-16478.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1996.
Decided April 24, 1996.
 
 Before: HUG, Chief Judge, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Howard Hughes appeals the district court's denial of his petition for a writ of habeas corpus. See 28 U.S.C. § 2254. He contends that he was denied effective assistance of counsel because his lawyer failed to interview alibi witnesses in a timely fashion. We affirm.
 
 
 3
 Hughes' claim of ineffective assistance of counsel relies entirely upon his assertion that counsel was required to interview possible alibi witnesses immediately, rather than waiting four to five months to do so. It is by now a commonplace that "[a] defendant claiming ineffective assistance of counsel must demonstrate that counsel's actions were outside the range of professionally competent assistance, and the defendant was prejudiced by counsel's actions." Moran v. Godinez, 57 F.3d 690, 699 (9th Cir.1994), cert. denied, --- U.S. ----, 116 S.Ct. 479, 133 L.Ed.2d 407 (1995) (citation omitted). No doubt that requires that counsel make a reasonable investigation under the circumstances. See Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994). That, of course, requires that counsel interview witnesses, if there are any. Id. at 1456-57; cf. United States v. Burrows, 872 F.2d 915, 918 (9th Cir.1989) (per curiam); Evans v. Lewis, 855 F.2d 631, 637 (9th Cir.1988). Where counsel does nothing at all for months, that can be some indication that he is not performing properly. See Crandell v. Bunnell, 25 F.3d 754, 755 (9th Cir.1994) (per curiam).
 
 
 4
 However, we have never held that an attorney must interview witnesses right away or be deemed to have acted so far beyond the pale that his conduct did not "fall[ ] within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Of course, our scrutiny of counsel's behavior must be "highly deferential." Id.
 
 
 5
 While counsel must investigate, he must have latitude in deciding when and how to commit his resources in doing so. No attorney has unlimited time or funds to commit to every case.[1] It is always possible that something will happen to a witness before the witness is actually questioned. That suggests that it would be ideal if all witnesses were questioned as soon as their names became known.
 
 
 6
 However, counsel's failure to meet that ideal does not mean that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S.Ct. at 2064. Nor does it mean that a defendant should not be prosecuted once a few months have passed because it is no longer possible to recreate the witnesses' memories, if any recreation is actually needed. Indeed, it is not at all unusual for a good deal of time to pass from the date of an incident to the date that the prosecution commences. In short, absent information that some known extraordinary circumstance made immediate contact necessary, we cannot say that counsel's performance was deficient. We are told of no circumstance of that kind. The danger in holding that immediate contact is required can be seen in the actual facts of this case--those same facts show a lack of prejudice.
 
 
 7
 In order to obtain relief, Hughes would have to show prejudice. Id. That is, he would have to show that because of counsel's error, if error there was, the trial was rendered fundamentally unfair or unreliable. See Lockhart v. Fretwell, 506 U.S. 364, 369-70, 113 S.Ct. 838, 842-43, 122 L.Ed.2d 180 (1993). To do that, he would have to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; see also Hendricks v. Calderon, 70 F.3d 1032, 1036 (9th Cir.1995), cert. denied, 64 U.S.L.W. 3640 (U.S. Mar. 25, 1996) (No. 95-7921). That does not appear here.
 
 
 8
 The alibi witnesses were able to provide a great deal of detail. One (Seals) testified to the date and the approximate time that he saw Hughes. In fact, his memory was better when he spoke with the defense investigator than it had been a few days after the robbery. The other (Boston) testified to the time with great precision. While the second witness could not recall the exact date, he knew it was very close to the date of the robbery incident. Also, the place of the robbery was close enough to the places where the alibi witnesses saw Hughes that he easily could have been at those places and also have committed the robbery. Finally, the robbery victim had a good opportunity to observe the robber, and she had no difficulty in identifying Hughes as that person.
 
 
 9
 Nothing in this case suggests to us that the result would have been any different if counsel's investigation had been conducted earlier. Hughes' speculation that the witnesses would have been significantly more helpful is just that--speculation. That is not enough. See United States v. Rogers, 769 F.2d 1418, 1425 (9th Cir.1985); Cooks v. Spalding, 660 F.2d 738, 740 (9th Cir.1981) (per curiam), cert. denied, 455 U.S. 1026, 102 S.Ct. 1729, 72 L.Ed.2d 147 (1982).[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In saying this we merely recognize the limits of human capabilities and do not mean to excuse neglect of duty. Moreover, we certainly do not accept the magistrate judge's intimation that, because of their workloads, a lesser standard of performance may apply to public defenders. Neither the Constitution, nor we, nor (we are sure) the public defenders themselves would countenance that relaxation of the Strickland requirements
 
 
 [2]
 Hughes' claim that the district court erred because the state trial court's findings were insufficient must also fail. The Nevada Supreme Court determined that the record demonstrated that Hughes had effective assistance of counsel despite the delay. We may infer its factual determinations from that finding. See Creech v. Arave, 947 F.2d 873, 887 (9th Cir.1991), rev'd in part on other grounds, 507 U.S. 463, 113 S.Ct. 1534, 123 L.Ed.2d 188 (1993). Moreover, the record before us fully supports those determinations