Death Opinion












 


 

 


IN THE COURT OF CRIMINAL APPEALS
OF TEXAS
 


NO. PD-0646-13




IRVING MAGANA GARCIA, Appellant

v.

THE STATE OF TEXAS



ON APPELLANT’S PETITION FOR DISCRETIONARY REVIEW
FROM THE THIRTEENTH COURT OF APPEALS
HIDALGO COUNTY



            Alcala, J., filed a dissenting opinion in which Johnson and Cochran, JJ.,
joined.
 
DISSENTING OPINION

           The trial-court judge’s single question asking whether Irving Magana Garcia,
appellant, wanted a language interpreter was wholly inadequate to establish that he
voluntarily waived his federal constitutional right to an interpreter whose assistance would
have enabled him to understand the proceedings and confront the witnesses against him. See
U.S. Const. amends. VI, XIV. Although I concur with the majority opinion that, in an
appropriate case, a record may be sufficient to show a knowing and voluntary waiver despite
the absence of a transcript of the actual statements at the time they transpired, I disagree that
the record in this case adequately establishes that appellant’s waiver of his right to an
interpreter was voluntary. Accordingly, I would reverse the judgment of the court of appeals
upholding appellant’s conviction for second-degree murder and remand to the court of
appeals for a harm analysis. See Garcia v. State, No. 13-11-00547-CR, 2013 Tex. App.
LEXIS 2328, 2013 WL 865411, at *2 (Tex. App.—Corpus Christi Mar. 7, 2013) (mem. op.,
not designated for publication). I, therefore, respectfully dissent. 
I. BackgroundIn 2011, a jury convicted appellant of murder, and he was sentenced to twenty years
in prison and a fine of $10,000 after the jury determined, in the punishment phase, that he
killed the complainant under the immediate influence of sudden passion arising from an
adequate cause. See Tex. Penal Code § 19.02(a), (b), (d). At trial, appellant, who speaks
and understands only Spanish, was represented by an attorney who was fluent in Spanish and
English. No interpreter translated the proceedings into Spanish for appellant. Appellant,
however, was able to understand testimony by seven of the twenty witnesses who testified
in Spanish with an interpreter translating their testimony into English for the jury. Appellant
also testified in his own defense, with his testimony being translated from Spanish into
English by an interpreter. For the twelve witnesses who testified in English, counsel gave
appellant “a very brief summary of what the witnesses said that was harmful to us.”
           After sentencing, appellant filed a motion for new trial asserting that he did not
knowingly and voluntarily waive his right to an interpreter. See Tex. Code Crim. Proc. art.
38.30. The trial court initially denied appellant’s motion for new trial without a hearing. 
This became one of appellant’s complaints in his brief on direct appeal, prompting an
abatement by the court of appeals to allow appellant to introduce evidence at a new-trial
hearing. See Garcia, 2013 WL 865411, at *2. On abatement, the trial court held an
evidentiary hearing during which it heard testimony from appellant, appellant’s trial counsel,
and the State’s attorney who prosecuted appellant at his jury trial. At the end of the hearing,
the trial court denied the motion and made oral and written findings of fact and conclusions
of law.



           As presented at the hearing on the motion for new trial, almost all of the facts
pertinent to determining whether appellant knowingly and voluntarily waived his right to an
interpreter are conclusively shown by the record. The record affirmatively shows that the
trial judge and the attorneys all knew before trial that appellant could speak and understand
only Spanish.


 In an off-the-record discussion at the bench that occurred prior to the
beginning of testimony, the judge asked counsel if appellant wanted an interpreter for the
trial, and counsel said that appellant did not want one.


 The bench discussion was not
transcribed at that time. Later, at the motion-for-new-trial hearing, descriptions of this off-the-record discussion were conveyed by the testimony of those who were present at the bench
when it occurred: the State’s attorney, appellant’s trial counsel, appellant, and the trial judge. 
The record before us shows that the trial judge did not make any inquiries beyond merely
asking appellant’s counsel if appellant wanted an interpreter. This single question and
answer constituted the entirety of any discussions between the court and appellant with
respect to whether appellant wanted an interpreter. At no time did the trial judge question
appellant or his attorney about their reasons for declining an interpreter or about whether
appellant’s waiver of an interpreter was being made knowingly and voluntarily, and the trial
court did not make any factual findings addressing whether appellant’s waiver was made
knowingly and voluntarily, although the court did determine that the waiver was made due
to trial strategy.
II. Analysis
           Although I agree with the majority opinion that a record of the parties’ actual
statements at the time they are made is not a procedural prerequisite to a finding that a waiver
is shown in the record,


 I disagree that this record shows that appellant executed a voluntary
waiver of his federal constitutional right to have an interpreter. By asking merely a single
question whether appellant wanted an interpreter, the trial judge failed to satisfy his burden
to ascertain whether appellant’s waiver was voluntary or whether it was rather the product
of coercion. Furthermore, the record in this case conclusively shows that appellant was
coerced by his attorney into declining an interpreter. Appellant assented to his attorney’s
suggestion that he decline an interpreter because counsel presented him with the untenable
choice of moving forward either with (1) an interpreter and counsel being unable to
concentrate, or (2) no interpreter and counsel being able to concentrate. This choice between
implementation of one constitutional right, the right to confront witnesses, versus
abridgement of another constitutional right, the right to effective assistance of trial counsel,
renders the resulting choice involuntary. 

           A. Any Waiver of An Interpreter Must Be Knowing and Voluntary
  
           “When a trial judge is aware that the defendant has a problem understanding the
English language, the defendant’s right to have an interpreter translate the trial proceedings
into a language which the defendant understands is a category-two Marin right.” Garcia v.
State, 149 S.W.3d 135, 145 (Tex. Crim. App. 2004). Marin teaches that “our system may
be thought to contain rules of three distinct kinds: (1) absolute requirements and prohibitions;
(2) rights of litigants which must be implemented by the system unless expressly waived; and
(3) rights of litigant which are to be implemented upon request.” Marin v. State, 851 S.W.2d
275, 279-80 (Tex. Crim. App. 1993). For category-two Marin rights, a defendant “need
make no request at trial for the implementation of such rights, as the judge has an
independent duty to implement them” absent a knowing or voluntary waiver of that right. 
Id. at 280. Absent a knowing or voluntary waiver of the right to an interpreter, the trial court
violates a defendant’s federal constitutional right to confront the witnesses against him when
the judge is aware that the defendant does not speak and understand English and fails to
appoint an interpreter for him. See Garcia, 149 S.W.3d at 144 (“[I]f the judge is aware of
the defendant’s language barrier, the judge has an independent duty to ensure that the
proceedings are interpreted for the defendant, absent the defendant’s knowing and intelligent
waiver.”). A defendant may choose to give up category-two waivable rights, but “he is never
deemed to have done so in fact unless he says so plainly, freely, and intelligently.” Marin,
851 S.W.2d at 280.
           B. Record Fails to Establish that Appellant’s Waiver Was Voluntary
           Assuming that the record supports a determination that appellant acted knowingly in
that he was aware that he was giving up his right to have an interpreter, I would hold that it
is inadequate to establish that he executed his waiver voluntarily.


 I conclude that appellant’s
choice was involuntary because (1) it was the result of him being given two constitutionally
offensive options; (2) the evidence of strategy was immaterial to whether the choice was
involuntary; and, (3) excluding appellant’s and counsel’s testimony, the silent record was
inadequate to establish that the choice was voluntary. I also note that (4) this Court should
look to the best practices that have been implemented by federal courts for guidance as to
how a defendant may effectively waive his right to an interpreter.
           1. Choice Is Involuntary When Result Of Constitutionally Offensive Options
           This Court recently reaffirmed that federal “due process requires that ‘[w]aivers of
constitutional rights not only must be done voluntarily but must be knowing, intelligent acts
done with sufficient awareness of the relevant circumstances and likely consequences.’” 
Davison v. State, 405 S.W.3d 682, 686 (Tex. Crim. App. 2013) (quoting Brady v. United
States, 397 U.S. 742, 748, 90 S. Ct. 1463 (1970)). As appellant points out, in the context of
a waiver of Miranda rights, the Supreme Court has explained that “the relinquishment of the
[constitutional] right must have been voluntary in the sense that it was the product of a free
and deliberate choice rather than intimidation, coercion, or deception.” Moran v. Burbine,
475 U.S. 412, 421, 106 S. Ct. 1135 (1986). “Only if the totality of the circumstances
surrounding [the waiver] reveal both an uncoerced choice and the requisite level of
comprehension may a court properly conclude” that a waiver has occurred. Id. (citations
omitted).
           Here, the trial court did not make any factual finding with respect to whether
appellant’s waiver was voluntary or whether it believed appellant and his counsel’s testimony
with respect to their reasons for declining an interpreter. The only evidence in the record
with respect to appellant’s and trial counsel’s rationale for declining an interpreter was that
counsel told appellant that having an interpreter would result in counsel being unable “to
concentrate in defending” him because the interpreter was too distracting to counsel and the
jury.


 Not surprisingly, faced with the coercive choice of either having (1) an interpreter,
which would cause his attorney to be unable to concentrate, or (2) no interpreter, which
would allow his attorney to concentrate, appellant agreed with his attorney’s suggestion that
he proceed without an interpreter. The Supreme Court has disapproved of this type of waiver
that is made from the presentation of a coercive choice. See Fay v. Noia, 372 U.S. 391, 399,
439–40, 83 S. Ct. 822 (1963) (habeas applicant’s failure to appeal from conviction was not
an intelligent and voluntary waiver given choice between life sentence or appeal with chance
of death penalty on retrial), overruled in part by Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.
Ct. 2497 (1977); see also Moore v. Michigan, 355 U.S. 155, 160–65, 78 S. Ct. 191 (1957);
Von Moltke v. Gillies, 332 U.S. 708, 726, 68 S. Ct. 316 (1948). Federal and state courts
similarly disapprove of waivers resulting from coercive choices that require a defendant to
choose to give up one constitutional right in order to ensure that another is protected. See,
e.g., Smith v. Grams, 565 F.3d 1037, 1045–46 (7th Cir. 2009) (waiver of right to counsel held
not voluntary and knowing where defendant terminated counsel and requested another
attorney, but the trial court would allow delay and appointment only upon waiver of speedy
trial right); Padzen v. Maurer, 424 F.3d 303, 319 (3d Cir. 2005) (holding waiver of counsel
involuntary and stating that “choice between incompetent or unprepared counsel and
appearing pro se is a dilemma of constitutional magnitude,” and resulting choice to proceed
pro se “cannot be voluntary in the constitutional sense when such a dilemma exists”)
(citations omitted); United States v. Silkwood, 893 F.2d 245, 248-49 (10th Cir. 1989) (waiver
of right to counsel at sentencing not voluntary where trial court tried to dissuade discharge
of counsel defendant believed incompetent; “for the waiver to be voluntary, the trial court
must inquire into the reasons for the defendant’s dissatisfaction with his counsel to ensure
that the defendant is not exercising a choice between incompetent or unprepared counsel and
appearing pro se”); Beverly v. State, 707 A.2d 91, 120–21 (Md. 1998) (defendant whose plea
of guilty was improperly denied by trial court held not to waive issue on appeal after
conviction because he was faced with coercive choice). In sum, a “clear choice between two
alternative courses of action does not always permit a [defendant] to make a voluntary
decision. If a choice presented . . . is constitutionally offensive, then the choice cannot be
voluntary.” Wilks v. Israel, 627 F.2d 32, 35 (7th Cir. 1980) (citations omitted). Because
appellant was presented with the constitutionally offensive choice between effective counsel
and an interpreter, his waiver was coerced. See Crandell v. Bunnell, 25 F.3d 754, 755 (9th
Cir. 1994) (stating that “[a] criminal defendant may be asked to choose between waiver and
another course of action so long as the choice presented to him is not constitutionally
offensive”) (citations omitted).
           2. Evidence of Strategy Is Immaterial to Whether the Choice Was Voluntary
           It is true that the trial court made what it labeled as a finding of fact stating that there
were “valid reasons, pertaining to trial strategy” to explain why appellant did not request an
interpreter.


 The trial court did not explain what evidence the court relied on to make that
assessment, what the strategy may have been, or how that determination could resolve the
question of whether appellant’s decision was voluntary and not based on coercive
information. I conclude that the trial court’s determination that the decision to waive an
interpreter was based on strategy is immaterial to the resolution of this appeal. Whether an
attorney’s action is a valid trial strategy is a legal determination pertinent to whether a
defendant has established ineffective assistance of counsel under Strickland v. Washington, 
466 U.S. 668, 687, 104 S. Ct. 2052 (1984); see Ex parte Ellis, 233 S.W.3d 324, 336 (Tex.
Crim. App. 2007). Because the issue presently before this court concerns the voluntariness
of appellant’s decision to waive his right to an interpreter, the trial court’s ruling pertaining
to the separate question of whether appellant’s attorney’s actions could be classified as
strategy for purposes of a claim on ineffective assistance of counsel is immaterial.
           Although it is not dispositive of the question before us in this appeal, I note here that
at least one court has deemed trial counsel’s purported strategy in declining the services of
an interpreter to be unreasonable. See Ling v. State, 702 S.E.2d 881, 883 n.1 (Ga. 2010). In
Ling, the Georgia Supreme Court rejected trial counsel’s claimed strategy in failing to secure
an interpreter for a non-English-speaking defendant “on the basis that he was concerned
using an interpreter might cause the jury to grow impatient and did not want to draw too
much attention to the fact that [the defendant] was not a native English speaker.” Id. That
Court stated that counsel’s claimed strategy was “not professionally reasonable” when it was
based on “speculative fears” of juror bias and when the record indicated that the defendant
did not participate in the decision to waive an interpreter. Id. Here, although he participated
in the decision to waive an interpreter, appellant was given only the constitutionally
impermissible choice between having either an interpreter or an effective attorney, and the
presentation of only these two choices can hardly be characterized as an objectively
reasonable trial strategy. See Ex parte Harrington, 310 S.W.3d 452, 459 (Tex. Crim. App.
2010) (counsel’s strategy subject to review under objective standard of reasonableness). In
any event, any determination about strategy is immaterial to the resolution of this appeal.
           I conclude that the trial court’s determination that the decision to waive an interpreter
was based on valid trial strategy does not answer the separate question of whether appellant’s
waiver was voluntary, which is the pertinent question for purposes of determining whether
that waiver was valid. Marin, 851 S.W.2d at 280. Even if the decision could be considered
strategic in the sense that appellant believed that it was in his best interest to agree with
counsel’s recommendation not to have an interpreter so that counsel would not be distracted,
the decision was nevertheless involuntary because it was presented in the form of a coercive
choice that unconstitutionally required appellant to give up one constitutional right in order
to ensure that another would be protected.
           3. Silent Record Inadequate to Establish That Choice Was Voluntary
           Even if I were to assume that the trial court disbelieved appellant’s and counsel’s
testimony describing this choice, all that would remain is a silent record with respect to
whether appellant’s waiver was voluntary and what appellant’s reasons may have been for
declining an interpreter. Without facts in the record to show that the waiver was voluntary,
this Court should not presume that it was. See Carnley v. Cochran, 369 U.S. 506, 516, 82
S. Ct. 884 (1962) (“Presuming waiver from a silent record is impermissible.”); compare
Briones v. State, 595 S.W.2d 546, 547-48 (Tex. Crim. App. 1980) (determining that Briones
intelligently and voluntarily waived his right to confrontation where his attorney also acted
as his interpreter based on record that showed trial judge asked Briones many questions to
ascertain whether his waiver was effective). If appellant’s and counsel’s testimony
describing their reasons for declining an interpreter is discounted, then this silent record fails
to demonstrate that appellant was admonished by either counsel or the trial court of his right
to have an interpreter and that he gave up this right voluntarily. See Garcia, 149 S.W.3d at
145. Absent that testimony, this silent record cannot support a determination that appellant’s
waiver was voluntary. See Marin, 851 S.W.2d at 280.
           4. Federal Courts Provide Guidance on Best Practices
           Although I might ordinarily look to factually similar federal case law for guidance as
to what would constitute a voluntary waiver of the right to an interpreter, that matter is
infrequently litigated in the federal courts because, pursuant to federal statute, a defendant
may not waive his right to an interpreter unless certain procedural safeguards are met. See
28 U.S.C. § 1827(f)(1). Section 1827 specifies that a criminal defendant “who is entitled to
interpretation . . . may waive such interpretation in whole or in part,” but further stipulates
that such a waiver
shall be effective only if approved by the presiding judicial officer and made
expressly by such individual on the record after opportunity to consult with
counsel and after the presiding judicial officer has explained to such
individual, utilizing the services of the most available certified interpreter, or
when no certified interpreter is reasonably available, as determined by the
presiding judicial officer, the services of an otherwise competent interpreter,
the nature and effect of the waiver.
Id.
           As the United States Court of Appeals for the Fifth Circuit has observed in
interpreting the federal statutory requirements in this area, the “waiver of an interpreter is not
a decision for [a defendant’s] counsel or the Court to make. It is the defendant’s decision,
after the Court explains to him the nature and effect of a waiver.” United States v. Tapia,
631 F.2d 1207, 1209 (5th Cir. 1980). That court has also observed that in “many cases,
counsel does not desire to have an interpreter sitting next to his client and may ask that one
not be provided,” in which case the trial judge should verify the validity of the waiver
“before any waiver can be effective.” Id.
           To ensure that a defendant’s federal right to confront the witnesses against him is
protected, federal law has established strict requirements for waiving an interpreter, and such
an approach would certainly appear to be the best practice for a state trial court. But
adoption of that level of strict scrutiny is unnecessary to grant appellant relief in this case,
where the trial court did not conduct any inquiry at all to determine whether appellant’s
waiver was voluntary.
III. Conclusion
           Although I agree with the State that a record may be adequate in rare cases to show
a knowing and voluntary waiver of the right to an interpreter in the absence of a transcription
of the actual statements by a defendant waiving that right, this record fails to establish that
appellant’s waiver was voluntary. The record conclusively shows that counsel did not want
an interpreter for his own reasons and urged appellant to forego his right to an interpreter
without fully explaining the nature of the right at stake and the possible consequences of
waiving that right. The trial court then compounded the problem by failing to verify that
appellant’s waiver was being made freely and voluntarily, with an adequate awareness of his
rights and the effect of the waiver. In light of these facts, I would hold that appellant’s
waiver was ineffective and that his federal constitutional right to confront the witnesses
against him was violated. See Davison, 405 S.W.3d at 686; see also Baltierra v. State, 586
S.W.2d 553, 556–57 (Tex. Crim. App. 1979) (discussing right to interpreter under
Confrontation Clause); United States v. Lim, 794 F.2d 469, 470 (9th Cir. 1986) (noting that
“a defendant whose fluency in English is so impaired that it interferes with his right to
confrontation or his capacity, as a witness, to understand or respond to questions has a
constitutional right to an interpreter”). On this basis, this Court should hold that appellant’s
constitutional rights were violated and remand to the court of appeals for a harm analysis
using a constitutional-error standard of review. See Tex. R. App. P. 44.2(a).
Filed: April 9, 2014
Publish