**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**ORDER**

Appellate case name:      Rudolfo Estrada, Jr. v. The State of Texas

Appellate case number:    01-14-00784-CR

Trial court case number:  1321081

Trial court:                       174th District Court of Harris County

Appellant, Rudolfo Estrada, Jr., appeals from the trial court's judgment revoking his community supervision. The clerk's record filed in the appeal does not comport with the Texas Rules of Appellate Procedure because it does not include a copy of the trial court's certification of appellant's right to appeal from the judgment revoking community supervision. *See* TEX. R. APP. P. 25.2(d), 34.5(a)(12), 37.1.

Further, appellant has filed a motion certifying that he is indigent and requesting that appellate counsel be appointed. Appellant was represented by appointed counsel, Herman Martinez, in the trial court and no motion to withdraw or order permitting counsel to withdraw appears in the appellate record. Appellant filed his notice of appeal pro se, and the trial court clerk has indicated that appellant's appellate attorney of record is "to be determined." No attorney has appeared on appellant's behalf in this Court.

Therefore, we abate the appeal and remand the cause to the trial court for further proceedings. The trial court shall immediately conduct a hearing at which the appellant, his trial counsel, Herman Martinez, and a representative of the Harris County District Attorney's Office shall be present. Appellant shall be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

[1]      Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, he and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

We direct the trial court to:

(1) Execute a certification indicating whether appellant has the right to appeal from the judgment revoking his community supervision;

(2) Determine whether an order should be entered relieving Herman Martinez of his duties as appellant's counsel; and,

    a. If not, establish a date certain by which appellant's brief will be filed in this Court, notwithstanding whether this Court has yet reinstated the appeal, and not later than 30 days after the date of the hearing.

    b. If so, enter an order relieving Herman Martinez of his duties and determine whether appellant is presently

        i. indigent, in which case, appoint appellate counsel at no expense to appellant; or,

        ii. not indigent, and

            (A) will retain new counsel no later than 30 days after the hearing; or,

            (B) after having been admonished of the dangers and disadvantages, appellant wishes to waive his right to appellate counsel and proceed pro se, and his doing so is in the best interest of appellant and the State.

(3) Make any other findings and recommendations the trial court deems appropriate; and,

(4) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051, 26.04(j)(2), (p) (Vernon 2014); TEX. R. APP. P. 25.2, 34.5, 37.1, 38.8(b); *see Garcia v. State*, 429 S.W.3d 604, 607–08 (Tex. Crim. App. 2014); *Williams v. State*, 252 S.W.3d 353, 355–59 (Tex. Crim. App. 2008); *Cormier v. State*, 85 S.W.3d 496, 497 (Tex. App.—Houston [1st Dist.] 2002, order).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file in this Court, no later than 30 days after the date of this order, a supplemental clerk's record containing the trial court's findings, recommendations, and orders, and a certification of appellant's right to appeal. *See* TEX. R. APP. P. 34.5(c). The court reporter is directed to file a record of the hearing no later than 30 days after the date of this order. If the hearing is conducted by video teleconference, an electronic copy of the hearing shall be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record and reporter's record that comply with this order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

We dismiss appellant's pro se "Motion for Bail Pending Appeal." *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(c),

It is so ORDERED.

Judge's signature: /s/ Terry Jennings
                     ☑ Acting individually    ☐ Acting for the Court
Date: February 24, 2015