ACCEPTED
03-15-00290-CR
8226000
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/14/2015 2:55:30 PM
JEFFREY D. KYLE
CLERK

## NO.  03-15-00290-CR

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/14/2015 2:55:30 PM
JEFFREY D. KYLE
Clerk

# IN THE COURT OF APPEALS
# FOR THE
# THIRD SUPREME JUDICIAL DISTRICT
# AT AUSTIN, TEXAS

**RAFEAL HERNANDEZ-PRADO,**
**Appellant**

**vs.**

**THE STATE OF TEXAS,**
**Appellee**

**Appeal from the 33rd Judicial District Court**
**Cause No. 9767A**
**Burnet County, Texas**
**The Honorable J. Allan Garrett, Judge Presiding**

## APPELLANT'S BRIEF

**Gary E. Prust**
**State Bar No. 24056166**
**1607 Nueces Street**
**Austin, Texas  78701**
**(512) 469-0092**
**Fax:  (512) 469-9102**
**gary@prustlaw.com**

**ATTORNEY FOR APPELLANT**

1

# IDENTITY OF THE PARTIES

**APPELLANT:**
Rafeal Hernandez-Prado, TDCJ #04826030
Lychner Unit
2350 Atascocita Rd.
Humble, TX 77396

**TRIAL COUNSEL FOR APPELLANT ON ORIGINAL PLEA:**
Eduardo Arredondo
SBN 00790241
220 S. Pierce St.
Burnet, TX 78611

**TRIAL COUNSEL FOR APPELLANT ON 11.072 WRIT AND MOTION TO ADJUDICATE:**
Eddie Shell
SBN 18191650
Austin Shell
SBN 24079316
6000 North Hwy 281
Marble Falls, TX 78654

**APPELLATE COUNSEL FOR APPELLANT:**
Gary E. Prust
Law Office of Gary E. Prust
1607 Nueces St.
Austin, TX 78701

**TRIAL COUNSEL FOR APPELLEE:**
Cheryl Nelson (on original plea)
SBN 06839380
Richard Crowther (on 11.072 Writ and Motion to Adjudicate)
SBN 05174200
33rd and 424th District Attorney's Office
PO Box 725
Llano, TX 78643

**APPELLATE COUNSEL FOR APPELLEE:**
Gary Bunyard
SBN 03353500
33rd and 424th District Attorney's Office
PO Box 725
Llano, TX 78643

# TABLE OF CONTENTS

Identity of the Parties.................................................................................. ii

Table of Contents...................................................................................... iv

Table of Authorities.................................................................................... v

Statement of the Case ................................................................................ 1

Statement Regarding Oral Argument ........................................................ 1

Issues Presented ......................................................................................... 2

> Whether Appellant's plea was rendered involuntary because he was not informed of his right to an interpreter and, therefore, could not knowingly waive that right.

> Whether Appellant's plea is involuntary because he was not informed of the terms and conditions of community supervision before he was placed on community supervision nor could he lodge an objection to any terms.

Statement of the Facts................................................................................. 3

Summary of the Argument ......................................................................... 6

Argument .................................................................................................... 7
    Standard of Review ............................................................................. 7
    Law Applicable .................................................................................. 8
    Application of the Law to Issue One................................................... 8
    Application of the Law to Issue Two ................................................ 11

Prayer........................................................................................................ 14

Certificate of Service ............................................................................... 15

Certificate of Compliance......................................................................... 15

4

# TABLE OF AUTHORITIES

Cases

*Carnley v. Cochran*, 508 U.S. 506, 82 S.Ct. 884 (1962) .................................................................. 8
*Ex Parte Mello*, 355 S.W.3d 827, 832 (Tex.App. – Fort Worth 2011, pet. ref'd) ......................... 7
*Garcia v. State*, 149 S.W.3d 135, 145 (Tex. Crim. App. 2004) ..................................................... 8
*Garcia v. State*, 429 S.W.3d 604, 607 (Tex. Crim. App. 2014) (reh'g denied) ....................... 8, 10
*Gutierrez-Rodriguez v. State*, 444 S.W.3d 21, 23 (Tex. Crim. App. 2014) .................................12
*Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993) ..................................................... 8
*State v, Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013) ................................................ 7

Statutes

TEX. CODE CRIM. PROC. art 41.12 § 9(a) (West 2003) ................. 11
TEX. CODE CRIM. PROC. art 42.12 § 9A (West 2003) ................. 11
TEX. CODE CRIM. PROC. art. § 9(g) (West 2003) ................. 11
TEX. CODE CRIM. PROC. art. 11.072 § 5(d) (West 2015) ................. 7
TEX. CODE CRIM. PROC. art. 11.072 § 7 ................. 7
TEX. CODE CRIM. PROC. art. 11.072 § 8 ................. 7

Rules

TEX. R. APP. P. 33.1(a)(1)(A) ......................................................................................................16
TEX. R. APP. P. 33.1(a)(2)(A) ......................................................................................................16
TEX. R. APP. P. 33.1(a)(2)(B). ....................................................................................................16

# STATEMENT OF THE CASE

*Nature of the case:* This is an appeal from an order denying an application for writ of habeas corpus in a community supervision case.

*Course of the proceedings:* Appellant was indicted on June 3, 2003 for burglary of a habitation with intent to commit sexual assault. CR 5. Appellant pleaded guilty with his attorney acting as an interpreter and was placed on 10 years of deferred adjudication community supervision. CR 32; 44-45; *see* II RR, 1, *et seq*. The state requested adjudication October 1, 2013; CR 54-57; a capias issued the following day; *see* CR 58-59; and Appellant was arrested approximately one year later. *Id*. Appellant filed his application for writ of habeas corpus January 7, 2015. CR 81-85. A combined writ and adjudication hearing was held in February

2015; III RR; and March 25, 2015. IV RR. The writ was denied in an order dated March 25, 2015 and filed April 30, 2015. CR 86. This appeal follows.

*Trial court's disposition:* The trial court denied Appellant's application for a writ of habeas corpus.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument. Submission by brief will be enough aid to the Court. If the court determines oral argument is needed, Appellant will participate.

# ISSUES PRESENTED

**Whether Appellant's plea was rendered involuntary because he was not informed of his right to an interpreter and, therefore, could not knowingly waive that right.**

**Whether Appellant's plea is involuntary because he was not informed of the terms and conditions of community supervision before he was placed on community supervision nor could he lodge an objection to any terms.**

## STATEMENT OF FACTS

Appellant, Rafeal Hernandez-Prado, was indicted in the 33rd Judicial District Court of Burnet County, Texas on June 3, 2003 with burglary of a habitation with intent to commit sexual assault. CR 5-6. The case proceeded to a plea of guilty October 10, 2003. II RR 1. Mr. Arredondo, Appellant's trial counsel, acted as the interpreter for the plea. II RR 5. At no point was Mr. Hernandez-Prado advised of his right to a court interpreter or whether he wished to waive the right. *Id*. Rather, the trial court asked Appellant whether he wished for his attorney to interpret for him. *Id*. All communication with the court was completed through Appellant's attorney acting as interpreter.

The trial court went over the written waivers, plea of guilty, admonitions, application for deferred adjudication, and admonitions for the sex offender registration requirements with Appellant. II RR 5-6. Appellant, through his attorney, indicated he understood the documents and that his counsel answered his questions to his satisfaction. II RR 6. Appellant also indicated he understood he was waiving various constitutional rights and the offense indicted and the range of punishment. II RR 7.

However, the trial court admonished Appellant about the deportation consequences in uncertain terms. Namely, the trial court stated the plea "can result in your being deported, in being denied admission to the country later, and can also

8

result in your denial of an application of citizenship if you should ever make one." II RR 8. The record only reflects Appellant is not a citizen but does not indicate whether he had any legal status in the United States. II RR 8.

After being so warned, Appellant pleaded guilty, and the trial court found the plea free and voluntary. II RR 8-9. Additionally, the court specifically stated to Appellant that is he were to ever reenter the United States without reporting to probation, he will be in violation of his terms of probation. II RR 10. This requirement was ordered in addition to "the usual terms of probation." II RR 9.

Sometime thereafter, Appellant met with the court probation officer, Ms. Jeanette Murray, to go over the terms and conditions of probation. IV RR 21; IV RR 25-26. She stated she met with Appellant and his attorney who provided interpretation services. IV RR 23. She would read a term, the attorney would interpret it, and Appellant would respond "yes" or "no". *Id*.

Ms. Murray also testified there was an immigration hold on Appellant at the time of the plea. IV RR 24. He was not released on community supervision and was instead taken into custody for other proceedings. *Id*. As far as she knew, in 2003, Appellant was likely going to be deported. IV RR 28.

At a hearing on February 13, 2015, before the full hearing on the state's motion to adjudicate, Trooper Frank Randolph testified on December 18, 2007, he stopped a "Mr. Hernandez and issued him a ticket for no safety belt" in Burnet

9

County, Texas. III RR 6-7. He then testified he looked at book-in photographs from the jail an testified it was the same person to whom he wrote a ticket in December 2007. *Id*. at 7.

Mr. Thomas Leon, a certified interpreter for language translation from English to Spanish and Spanish to English, testified incorrectly translated documents can have drastic consequences. IV RR 41-42. He also testified that it is "a fallacy that somebody that [sic] speaks both languages can actually accomplish a [sic] interpretation of a document or interpreting a court procedure because speaking the two languages allows them to communicate, but does not allow them to convey with exact precision something that requires exact precision, such as a court document." IV RR 44. He further testified exact precision is required for interpretation because of the understanding needed by the person for whom the translation is being done. *Id*. It will affect what that person will do, how they will perform, and act in the future. *Id*.

After taking it under advisement, the trial court proceeded to find Appellant violated conditions 5, 11, and 13 of the terms of probation in addition to sex offender supplement terms 1, 2, 8, and 9. V RR 5. The trial court them sentenced Appellant to 15 years in the Texas Department of Criminal Justice. *Id*. The trial court also imposed court costs of $50 and court-appointed attorney's fees. *Id*.

10

## SUMMARY OF THE ARGUMENT

In his application for a writ of habeas corpus following placement on community supervision, Appellant primarily argues his plea of guilty is rendered involuntary because the terms and conditions of the plea agreement, of community supervision, and the consequences of violating those conditions were not explained to him in a language and manner he could understand. More specifically, because he was unable to understand the terms and conditions community supervision, and because the terms and conditions were not explained to him until after he entered his plea, and he was provided no opportunity to object to the terms and conditions of community supervision, his plea is rendered involuntary. On top of this, Appellant complains in his habeas application he did not understand the terms and conditions of his plea agreement upon entering his plea. At no point does the record show where Appellant was apprised of his right to a court appointed interpreter, and nowhere in the record to does it indicate he waived this right. Accordingly, the plea should be rendered involuntary and remanded to trial court for further proceedings.

## ARGUMENT

### Standard of Review

In an Article 11.07 habeas proceeding, the trial judge is the sole finder of fact. *State v, Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013); TEX. CODE CRIM. PROC. art. 11.072 §§ 7, 8 (West. 2015). A highly deferential standard of review applies in such cases, and the appellate court will afford almost total deference to the trial court's findings of fact if supported by the record. *State v. Guerrero*, 400 S.W.3d at 583. Absent an abuse of discretion, the reviewing court must affirm the habeas court's decision whether to grant relief. *Ex Parte Mello*, 355 S.W.3d 827, 832 (Tex.App. – Fort Worth 2011, pet. ref'd).

Live, sworn testimony is a sufficient basis for upholding a decision to grant relief in an Article 11.072 proceeding. *State v. Guerrero*, 400 S.W.3d at 583. Sworn pleadings are an inadequate basis on which to grant relief and matters alleged in the application not admitted by the State are considered denied. *Id*.; TEX. CODE CRIM. PROC. art. 11.072 § 5(d) (West 2015). However, when the resolution of the ultimate question relies on the application of legal standards, reviewing courts review such determinations *de novo*. *Ex Parte Mello*, 355 S.W.3d at 832..

### Law Applicable

Our system contains three categories of rules: (1) absolute requirements and prohibitions, (2) rights which must be implemented unless expressly waived, and

(3) rights to are implemented upon request. *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993). The right to an interpreter in court proceedings is a category-two *Marin* right. *Garcia v. State*, 149 S.W.3d 135, 145 (Tex. Crim. App. 2004). As such, an accused is free to waive the right to an interpreter but such waiver must be made "plainly, freely, intelligently, sometimes in writing, and *always on the record*." *Garcia v. State*, 429 S.W.3d 604, 607 (Tex. Crim. App. 2014) (reh'g denied) (quoting *Marin*, *supra*.).

Waiver may not be presumed from a silent record, and it must show there is an allegation of or evidence of an offer of counsel and an intelligent rejection of the offer, in the context of the waiver of the right to counsel. *Carnley v. Cochran*, 508 U.S. 506, 82 S.Ct. 884 (1962). When the trial court knows the defendant cannot understand the English language, an interpreter must be appointed for the defendant unless the defendant waives the appointment. *Garcia v. State*, 429 S.W.3d at 607. There may be a valid waiver of the right to an interpreter if there is not a specific waiver colloquy but the record contains some other evidence a valid waiver occurred. *Id*. at 608.

## Application of the Law

## Issue One.

**Appellant's plea was rendered involuntary because he was not informed of his right to an interpreter and could not knowingly waive that right.**

13

The record of the proceedings contains no indication Appellant was made aware he had the right to a court appointed interpreter. If unaware of the right, Appellant could not have knowingly waived such right. At best, the reporter's record contains the following exchange:

"By the Court:

Q: Mr. Prado, your attorney tells me that you don't speak good English and that you do not read or writ English. Is that correct?

(At which time [Appellant's counsel] begins to act as interpreter for the defendant in this hearing..)

A: Yes.

Q: And you wish for Mr. Arredondo to interpret for you?

A:Yes.

Q: And you have talked to Mr. Arredondo quite a bit, haven't you?

A: Yes.

Q: And his interpretation is accurate for you?

A: Yes."

II RR 5. Nowhere in this exchange is Appellant informed he has the right to an interpreter. Further, merely asking Appellant if he wishes for his attorney to interpret cannot be found a valid waiver. The alternative from Appellant's perspective may well have been understood to be no interpretation at all. This

14

question does not inform Appellant of his right to a court-appointed interpreter. Moreover, the court asks Appellant if the interpretation is accurate. Appellant, not being able to speak English, would not be able to make the determination whether the interpretation is accurate.

Recently, the Texas Court of Criminal Appeals issued an opinion in *Garcia v. State*, where it discussed what constitutes a waiver of the right to an interpreter. 429 S.W.3d 604 (Tex. Crim. App. 2014, reh'g denied). The record in that case contained evidence Garcia's trial counsel informed him of the right to an interpreter, that Garcia acquiesced in the decision not to request an interpreter, and that the request not to have an interpreter was communicated to the trial judge. *Id*. at 609.

This is in sharp contrast to the instant case. Here, the record contains no indication Appellant was informed of the right to an interpreter, much less an indication he wished to waive the right. Finally, nothing in the record shows the trial court was aware of Appellant's waiver of this right. Indeed, the trial court was made aware Appellant did not speak English well.

Because Appellant was not informed of the category-two *Marin* right, he could not waive it. Nothing in the record indicates Appellant was informed of or waived the right. Accordingly, the plea should be rendered involuntary and the case remanded for further proceedings.

Inasmuch as the trial court's conclusions of law state a defendant must request the interpreter before he might complain on appeal, Appellant respectfully submits that the trial court erred in its application of the law. Appellant requests this legal issue be reviewed by this Honorable Court *de novo*. In so doing, because Appellant did not waive his right to an interpreter, nor was he apprised of that right, the plea should be rendered involuntary and remanded to the trial court.

**Issue Two.**

**Appellant was not afforded an opportunity to be informed of the terms and conditions of community supervision nor lodge an objection to any terms.**

The Texas Code of Criminal Procedure generally requires the trial court direct the community supervision department to do a presentence investigation, with very limited exceptions in felony cases. TEX. CODE CRIM. PROC. art 41.12 § 9(a) and (g) (West 2003). The same is generally required for individuals accused of offense requiring registration as a sex offender. TEX. CODE CRIM. PROC. art 42.12 § 9A (West 2003). However, in order to preserve this error for appellate review, a timely complaint must be made to the trial court apprising the court of the grounds for the complaint unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a)(1)(A). The record must also show the court ruled on the request or refused to rule and the objection party objected to the refusal to rule. TEX. R. APP. P. 33.1(a)(2)(A) and (B).

However, when probation is granted in a case, the trial court extends,

16

clemency to a defendant and creates a quasi-contractual relationship. *Gutierrez-Rodriguez v. State*, 444 S.W.3d 21, 23 (Tex. Crim. App. 2014). Unobjected to terms and conditions of probation are accepted as terms of the contract, unless the condition is on our criminal justice system finds intolerable. *Id*. The requirement to object "assumes the probationer knew what the conditions were in time to object at trial." *Speth v. State*, 6 S.W.3d 530, 535 n.9 (Tex. Crim. App. 1999).

As previously noted, Appellant did not know the terms of his probation, including the sex offender conditions, until after he pleaded and was ordered placed on community supervision. Due to the fact Appellant was unable to lodge an objection to the terms of supervision, it is questionable whether he understood them before entering into the "quasi-contractual relationship". Appellant may have objected to various terms and conditions, had be been afforded the opportunity.

Such denial of understanding the full expectations of community supervision must render such "quasi-contractual relationship" invalid. If there was never an understanding of the expectations or chance to object to any such expectations, the underlying plea of guilty should be rendered involuntary or unknowingly made.

Accordingly, Appellant respectfully prays this Honorable Court find Appellant was not informed of the conditions of community supervision before entering his plea and was not afforded an opportunity to object to the terms of probation before they were imposed. As such, the plea should be rendered

involuntary and unknowingly entered and the case remanded for further proceedings.

**PRAYER**

Appellant respectfully prays that this Honorable Court grant the relief requested in his Application for Writ of Habeas Corpus, find the plea was unknowingly and involuntarily made and remand this cause for further proceedings. Appellant prays for any other relief to which he may be entitled in equity or at law.

Respectfully submitted,

Gary E. Prust
State Bar No. 24056166
1607 Nueces St.
Austin, Texas 78701
(512)469-0092
Fax (512)469-9102
gary@prustlaw.com
Attorney for Rafeal Hernandez-Prado

**CERTIFICATE OF SERVICE**

In compliance with Rule 9.5(d) of the Texas Rules of Appellate Procedure, the undersigned attorney certifies that a true and correct copy of the foregoing Brief was served upon Mr. Gary Bunyard of the 33rd and 424th District Attorney's office via electronic transmission through efiletexas.gov on this 14th day of December, 2015.

Gary E. Prust

**CERTIFICATE OF COMPLIANCE**

Pursuant to TEX. R. APP. P. 9.4(i)(3), I hereby certify this brief contains 2,295 words. This is a computer-generated document created in Microsoft word, using 14-point typeface. In making this this certificate, I rely on the word count provided by the software use to prepare the document.

Gary E. Prust