**Opinion filed March 23, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00276-CR

_____

## SHAQUETTA MAYS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 22853-B**

### M E M O R A N D U M   O P I N I O N

The grand jury indicted Appellant, Shaquetta Mays, on three counts of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West Supp. 2022). Appellant entered an open plea of guilty to the offense alleged in count one; counts two and three were waived by the State. After a punishment hearing, the trial court assessed Appellant's punishment at twenty years' imprisonment in the Texas Department of Criminal Justice, Institutional Division.

In a single issue, Appellant contends that (1) her plea of guilty was not knowingly and voluntarily made and (2) the trial court erred when it did not sua sponte withdraw her plea at the punishment hearing. We affirm.

## I. *Factual Background*

In three counts, the State alleged in the indictment that Appellant intentionally and knowingly threatened three individuals while displaying a handgun. Before accepting Appellant's plea of guilty to the offense charged in count one, the trial court thoroughly admonished Appellant as to (1) whether she was pleading guilty to this offense freely and voluntarily, (2) the punishment range for the offense, and (3) whether she understood the consequences of her plea. The trial court also examined Appellant concerning her understanding of the written plea admonishments and judicial confession that she had signed and that accompanied her plea. Appellant acknowledged her understanding of the consequences of her plea and indicated that she was pleading guilty to the offense charged in count one freely and voluntarily.[1]

A pre-sentence investigation was ordered and the matter was set for a punishment hearing. At the punishment hearing, Appellant testified that she had pleaded guilty to the offense charged in count one and confirmed that she "still stood by" her plea of guilty. Appellant requested that the trial court grant her probation. Several witnesses testified on Appellant's behalf, including her fiancé, her brother, and her pastor, all of whom requested that the trial court grant Appellant probation.

Before the parties closed and sentence was pronounced, the trial court inquired about Appellant's guilty plea and stated: "I am concerned about, given [Appellant's] testimony today, whether she is persisting in the plea of guilty . . . ." Appellant and

---

[1]Similarly, Appellant acknowledged her understanding of the consequences of her pleas of true to the allegations asserted against her in a pending motion to adjudicate that the trial court considered when she entered her plea of guilty to the offense charged in count one.

her trial counsel confirmed that Appellant understood the consequences of pleading guilty to the offense charged in count one and that she was "persisting in her plea of guilty." Although Appellant stated that she believed she would be granted probation by pleading guilty, Appellant's trial counsel claimed that he never advised Appellant that she would, in fact, receive probation if she did plead guilty. After considering the parties' arguments, the trial court found that Appellant's plea of guilty was freely and voluntarily made. The trial court thereafter accepted Appellant's plea, found Appellant guilty, and sentenced her to twenty years' imprisonment. This appeal followed.

## II. *Standard of Review*

Federal due process requires that any waiver of a criminal defendant's constitutional rights must be the result of a voluntary, knowing, and intelligent act that is done with sufficient awareness of the relevant consequences. *Davison v. State*, 405 S.W.3d 682, 686 (Tex. Crim. App. 2013) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A defendant who enters a knowing and voluntary plea of guilty to a charged offense has relinquished her Sixth Amendment rights to a trial by jury and to confront the witnesses against her, as well as her Fifth Amendment privilege against self-incrimination. *Davison*, 405 S.W.3d at 686. For this waiver to be effective under the Due Process Clause, it must be an intentional relinquishment or abandonment of a known right or privilege. *Id.*

In cases involving such a waiver, the record must affirmatively show that the defendant who pleaded guilty to a charged offense entered her plea knowingly and voluntarily. *Davison*, 405 S.W.3d at 687 (citing *Brady*, 397 U.S. at 747 n.4); *see also Boykin v. Alabama*, 395 U.S. 238, 241–42 (1969).

## III. *Analysis*

Appellant asserts on appeal that her plea of guilty was not entered knowingly and voluntarily and that the trial court erred when it did not sua sponte withdraw her plea prior to sentencing. We disagree.

### A. *Voluntariness of Appellant's Plea*

The voluntariness of a plea is determined from the totality of the circumstances. *Jones v. State*, 600 S.W.3d 94, 99 (Tex. App.—Dallas 2020, pet. ref'd). When the record shows that a defendant was properly admonished by the trial court concerning the consequences and the defendant's understanding of pleading guilty, there is a prima facie showing that the defendant's plea was entered knowingly and voluntarily. *Id.* (citing *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998)). The burden then shifts to the defendant to establish that, notwithstanding the statutory admonishments, she did not fully understand the consequences of her plea and that, as a result, she has been harmed. *Id.* "An accused who attests that [s]he understands the nature of h[er] guilty plea and that it is voluntary has a heavy burden on appeal to show that h[er] plea was involuntary." *Id*; *Starz v. State*, 309 S.W.3d 110, 117 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

Appellant contends that she believed if she pleaded guilty to the offense as charged in count one that the trial court would grant her probation. However, and importantly, Appellant acknowledged at the plea hearing that she had been promised nothing in exchange for her plea. Appellant's trial counsel likewise attested that no such representation or assurance had been made to Appellant. The trial court admonished Appellant that the range of punishment for the offense to which she was pleading guilty was "anywhere from two to twenty years in prison and up to a $10,000 fine." Again, Appellant confirmed that she understood this condition of her plea and expressed no surprise or concern. Appellant's nonchalance is a permissible

and legitimate basis for us to infer that she was aware of the applicable punishment range at the time she entered her plea. *Garcia v. State*, 429 S.W.3d 604, 609 (Tex. Crim. App. 2014) (citing *Davison*, 405 S.W.3d at 688–89, 692).

Appellant and the witnesses she presented on her behalf at the punishment hearing requested that she be granted probation and that she not be sentenced to a term of imprisonment; this indicates that Appellant was aware that a prison sentence was a possible outcome of the hearing. Here, the record shows that Appellant was thoroughly admonished as to all consequences that flowed from her plea of guilty. Further, Appellant points to no evidence that she did not enter her plea knowingly and voluntarily.

B. *Withdrawal of Plea*

A trial court has no sua sponte duty to withdraw a defendant's plea of guilty, even when evidence that is inconsistent with the voluntariness of the defendant's plea is presented. *Aldrich v. State*, 104 S.W.3d 890, 893–94 (Tex. Crim. App. 2003) (citing *Moon v. State*, 572 S.W.2d 681, 682 (Tex. Crim. App. 1978)). Furthermore, a defendant who does not timely seek to withdraw her guilty plea cannot complain for the first time on appeal that the trial court erred when it accepted her plea rather than withdrawing it for her sua sponte. *Mendez v. State*, 138 S.W.3d 334, 350 (Tex. Crim. App. 2004). Here, the record shows that Appellant never sought, at any time, to withdraw her plea of guilty, even after the trial inquired. As such, the trial court did not err when it accepted Appellant's plea.

Moreover, Appellant judicially confessed to the elements of the charged offense. Even though a defendant waives her right to a jury trial and pleads guilty to the charged offense, the State is still required to introduce evidence of the defendant's guilt. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005); *Jones*, 600 S.W.3d at 100. This evidence need not prove the defendant's guilt beyond a reasonable doubt, but it must embrace every essential element of the charged

offense. *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.). A judicial confession, without more, is sufficient to support a plea of guilty provided that it encompasses every essential element of the charged offense. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009); *Jones*, 600 S.W.3d at 100. Here, Appellant was fully admonished of the possible consequences of her plea, both in writing and in open court, and the document that she executed and that contained her judicial confession was presented to the trial court and admitted.

Because the evidence in the record supports the trial court's finding that Appellant's plea of guilty was freely and voluntarily made, we overrule Appellant's sole issue on appeal.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER
JUSTICE


March 23, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.